UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Imane Abdul Imam Khreiss,

    Plaintiff,

v.                                            Case No. 17-cv-11246

Commissioner of Social Security,         Sean F. Cox
                                                           United States District Court Judge

    Defendant.
_____/

**ORDER ADOPTING
9/6/18 AMENDED REPORT AND RECOMMENDATION**

Plaintiff filed this action seeking judicial review of Defendant Commissioner of Social Security's unfavorable decision denying his claim for disability insurance benefits and supplemental security income. The matter was referred to Magistrate Judge Patricia T. Morris for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C). Thereafter, the parties filed cross-motions for summary judgment.

On March 26, 2018, Judge Morris issued a Report and Recommendation ("First R&R") (D.E. 23)) wherein she recommended that the Court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and remand this case under Sentence Four of 42 U.S.C. 405(g). Defendant objected to the First R&R on two grounds: (1) Judge Morris erred in finding that the ALJ relied on the opinion of a single decisionmaker, and (2) Judge Morris re-weighed evidence and relied on factual errors in finding that substantial evidence did not support the ALJ's assessment of Plaintiff's social limitations." (D.E. 25). In response, Plaintiff acknowledged that Defendant's

1

first objection was correct. (D.E. 26) . Accordingly, the Court sustained the first objection. The Court then recommitted this matter to Judge Morris, asking her to consider Dr. Kathy A. Morrow's opinion and determine whether substantial evidence now supported the ALJ's social functioning analysis. (D.E. 27).

On September 6, 2018, Judge Morris issued an amended Report and Recommendation ("Second R&R") wherein she recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgement, and affirm the Commissioner's decision. (D.E. 28).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On September 20, 2018, Plaintiff filed a timely objection to the Second R&R. (D.E. 29).

Plaintiff's only objection is that, as to Judge Morris's reconsideration of the social functioning analysis, "[she] inappropriately discarded all her prior reasoning in coming to a contrary conclusion on the same evidence in her most recent Report and Recommendation." (D.E. 29, PageID 883).

As a threshold matter, the Court notes that Judge Morris's First R&R does not bind her. As such, this Court will limit its analysis to whether substantial evidence supports the ALJ's social functioning analysis.

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it

2

is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th 2007) (internal quotation marks omitted)

In the First R&R, Judge Morris stated that "all medical (and nonmedical) sources of record appear to agree that Plaintiff suffers more than mild impairment in social function, yet the ALJ reached the opposite conclusion armed only with a handful of selective citations to the record." (D.E. 23, 836-837). Specifically, Judge Morris criticized the ALJ's reliance on "(a) evidence that Plaintiff could, in general, speak and answer questions in an interview; (b) evidence Plaintiff 'had meaningful relationships with her children but had no friends and isolated herself; and (c) Ms. Ghadda's check-box assertion that Plaintiff could follow instructions and get along with others." (D.E. 23, Page ID 835-836) (describing this evidence as "weak," "not spectacularly probative," not "particularly consistent" with the ultimate finding, and "strategically plucked."). After this review of the record, Judge Morris found that "substantial evidence does not endorse the ALJ's findings as to Plaintiff's social functioning." (D.E. 23, PageID 837).

When reviewing the First R&R, this Court stated that its decision on Defendant's first objection was significant to Defendant's second objection because, as described above, the magistrate concluded that all sources of record agreed that Plaintiff suffers more than mild impairment. In fact, "Dr. Morrow, a medical source of record, did not reach this conclusion, instead opining that Plaintiff had mild difficulties in maintaining social functioning and criticizing a different medical opinion for its assessment of Plaintiff's limitations in relating to others." (D.E. 27, PageID 856). The Court concluded that Judge Morris did not include Dr. Morrow's opinion into her analysis, and that she should have done so because "it is relevant to whether substantial evidence supported the ALJ's social functioning analysis." (D.E. 27, PageID 856). The Court recommitted

3

this matter to Judge Morris to reconsider the R&R in light of the Court's decision to sustain the Defendant's first objection.

Judge Morris did just that. In the Second R&R, she reviewed the record again and stated that "[t]he ALJ appropriately observed the consistent reports of Plaintiff's successful interactions with examiners, her ability to relate to supervisors and follow instructions, her at least slight improvement when taking medication, and her relationship with family." (D.E. 29, PageID 886) (citations omitted). She concluded that "[t]his evidence, along with Dr. Morrow's opinion, gave the ALJ a sufficient basis to depreciate countervailing evidence put forth by Plaintiff" (D.E. 28, PageID 877).

The Court agrees with Judge Morris that these consistent reports and Dr. Morrow's opinion establish substantial evidence to support the ALJ's decision on the social functioning issue.

Plaintiff argues that the Court cannot consider Dr. Morrow's opinion as it relates to Plaintiff's social functioning because the ALJ rejected that portion of the opinion. (D.E. 29, PageID 885). However, Plaintiff mischaracterizes the ALJ's decision. The ALJ did not reject this portion of the opinion; she gave it "lesser weight" than other portions. (D.E. 13-2, PageID 63) ("For these reasons, that portion of the Stage [sic] agency opinion related to social functioning is given lesser weight"). Even with lesser weight, Dr. Morrow's opinion, plus the other consistent record evidence, is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241.

Accordingly, the Court hereby ADOPTS the September 6, 2018 R&R and ORDERS that Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

4

                                              s/Sean F. Cox  
                                              Sean F. Cox  
                                              United States District Judge

Dated: September 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2018, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy  
                                              Case Manager